**J. W. MARSHALL, Appellant,**

v.

**E. R. HOBERT ESTATE et al., Appellees.**

No. 3374.

Court of Civil Appeals of Texas.

Eastland.

July 18, 1958.

Rehearing Denied Sept. 5, 1958.

Donald & Donald, Bowie, Wheat & Newton, Seymour, Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Lyne, Blanchette & Smith, Dallas, Mc-Mahon, Smart, Sprain & Wilson, Abilene, for appellees.

## PER CURIAM.

This case originated in the probate court and was appealed to the district court. The judgment of the district court holds (1) that the probate court had the power to authorize L. W. Hobert, independent executor of the estate of E. R. Hobert, deceased, to execute an oil and gas lease on behalf of said estate, (2) that said independent executor also had authority to lease said property in order to pay and discharge debts of said estate. The judgment also removed cloud from appellees' title to said oil and gas leasehold estate that was placed thereon by a lease executed by one of the devisees, Mrs. Cora Plumlee, to the appellant. It also overruled appellant's motion to strike the plea of intervention of those appellees who purchased an interest in the lease executed by the independent executor.

J. W. Marshall has appealed from this judgment, predicating his appeal on sixteen points of error. The points which we deem material to the disposition of this case are substantially as follows: (1) the error of the court in holding that Section 367 of the Probate Code, V.A.T.S., empowers the probate court to authorize an independent executor to execute an oil and gas lease, (2) the error of the court in adjudicating title to the lease on appeal from the probate court, (3) the error of the court in removing cloud from title, quieting title in appellees, decreeing the title of the appellees to be superior to that of appellant

and (4) the error of the court in overruling appellant's motion to strike said plea of intervention.

E. R. Hobert died on December 29, 1956. He was survived by three children, L. W. Hobert, Mrs. Ressie Harper and Mrs. Cora Plumlee. L. W. Hobert was appointed independent executor and trustee. The testator devised one-third of his land to Mrs. Ressie Harper for life with remainder to her descendants, one-third in fee simple to Mrs. Cora Plumlee and one-third in fee simple to L. W. Hobert. The will contains no provisions authorizing the independent executor to sell or lease the real estate. E. R. Hobert's will was admitted to probate on April 20, 1957, and L. W. Hobert qualified as independent executor and trustee by taking his oath on April 25, 1957.

L. W. Hobert, individually, and as independent executor and trustee of the estate of E. R. Hobert, deceased, leased the subject property to L. M. and C. E. Williams by an oil and gas lease dated April 23, 1957, which was acknowledged on April 27, 1957. On April 26, 1957, Mrs. Cora Plumlee leased her undivided one-third interest in the subject property to appellant, and it was filed for record with the County Clerk of Knox County the same day. On May 13, 1957, the independent executor and trustee filed an application in the Probate Court of Knox County for authority to execute an oil and gas lease on the subject property to the Williams under Section 367 of the Probate Code. Appellant's plea to the jurisdiction was overruled and the court authorized the execution of such a lease and it was executed on May 20, 1957. Marshall, the lessee of Mrs. Plumlee, appealed from the judgment of the probate court to the district court.

By assignments Arnold H. Brunner & Company and Tex-Star Oil & Gas Corporation acquired an interest in the Williams' leases and filed pleas of intervention in the case that had been appealed from the probate court to the district court, which was

then and there acting as a court of appellate probate jurisdiction.

■■ The only issue properly presented to the probate court was whether or not the probate statute granted the probate court the authority to empower an independent executor to execute an oil and gas lease. The probate court did not have jurisdiction to remove cloud from title to appellees' oil and gas lease nor decree that appellees' title thereto was superior to that of appellant. The jurisdiction of the district court, after the appeal, was appellate only and confined to a trial of the issues made in the probate court. The district court did not have jurisdiction to remove the cloud from appellees' title nor decree that appellees' title was superior to appellant's. This well settled rule is supported by the following authorities: Constitution, Article 5, Sec. 8, Vernon's Ann.St.; Article 1907, Revised Civil Statutes, Vernon's Ann. Civ.St. art. 6907; Jones v. Sun Oil Co., 137 Tex. 353, 153 S.W.2d 571; Brewer v. Brewer, Tex.Civ.App., 237 S.W.2d 369; Levy v. W. L. Moody & Co., Tex.Civ.App., 87 S.W. 205; Pierce v. Foreign Mission Board, etc., Tex.Com.App., 235 S.W. 552; Quiroz v. Cantu, Tex.Civ.App., 119 S.W.2d 569; Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511 (Writ Ref.).

■ No cases have been cited and we have been unable to find one in point on the question of whether sub-section (b) of Section 367 of the Probate Code applies to independent executors. The appellees assert "the interpretation of Section 367 of the Probate Code is squarely presented to this honorable court." We have reached the conclusion that Section 367 is not applicable to independent executors. Copied below are some sections of the Probate Code which relate to this question. Section 3(aa) as it read at the time this action arose is as follows:

" 'Personal representative' or 'Representative' includes executor, independent executor, administrator, temporary administrator, guardian, and temporary guardian, together with their successors."

Said section was amended by the 55th Legislature by adding the following:

"The Inclusion of independent executors herein shall not be held to subject such representatives to control of the courts in probate matters with respect to settlement of estates except as expressly provided by law."

Section 145, as it read at the time this action arose, is as follows:

"Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate."

Said section was amended by the 55th Legislature by adding the following:

"When such will has been probated, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the court except where this Code specifically and explicitly provides for some action in the court."

Section 146, as it read at the time this action arose, is as follows:

"Independent executors shall observe all provisions of this Code relative to priority, classification, and pro-rata payment of creditors' claims. The provisions of this Code shall not apply to independent executors except where specifically made applicable thereto."

Said section was amended by the 55th Legislature and is as follows:

"An independent executor, in his administration of an estate, although free from the control of the court, shall nevertheless, independently of and without application to, or any action in or by the court, receive presentation of and classify, allow, and pay, or reject, claims against the estate in the same order of priority, classification, and proration prescribed in this Code, and set aside and deliver to those entitled thereto exempt property and allowances for support, and in lieu of homestead, as prescribed in this Code, to the same extent and result as if his actions had been accomplished in, and under orders of, the court."

Sub-section (b) of Section 367 of the Probate Code is as follows:

"Personal representatives of the estates of decedents, minors and incompetents, appointed and qualified under the laws of this State, and *acting solely under orders of court*, may be authorized by the court in which the probate proceedings on such estates are pending to make, execute, and deliver leases, with or without unitization clauses or pooling provisions, providing for the exploration for, and development and production of oil, other liquid hydrocarbons, gas (including all liquid hydrocarbons in the gaseous phase), metals, and other solid minerals, and other minerals, or any of such minerals in place, belonging to such estates." (Emphasis ours.)

 In construing sub-section (b) of Section 367 of the Probate Code, we are aided by the following rules:

"There is but one rule of construction and that is that the legislative intent must govern. All other canons of interpretation so-called are but grounds of argument resorted to for the purpose of ascertaining the true meaning of the law.

" 'Resort may be had to the canons of construction when necessary to determine the meaning of an ambiguous statute. But a court will not assume to construe or interpret a statute if there is no necessity for it to do so, that is, if the statute is susceptible of but one construction. On the contrary, it is settled by many decisions that there is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious.' 39 Tex.Jur. 160, 161." City of Abilene v. Meek, Tex. Civ.App., 311 S.W.2d 654, 657.

"Sec. 95. In General.—A statute that is plain and unambiguous, if construed at all (Sec. 88), will be interpreted literally, according to the maxim *Ira lex scripta est* (the law is so written)." 39 Tex.Jur. 179.

We hold that said section is susceptible of but one construction and its meaning is expressed in plain and unambiguous language. By the words "acting solely under orders of court" the law, as written, expressly excludes independent executors.

The judgment is reversed and, since the probate court had no jurisdiction to grant the application of the independent executor for authority to execute a lease and the district court, on appeal, had no jurisdiction thereof or of other causes asserted by intervention therein, the case is ordered dismissed.