**UNITARIAN UNIVERSALIST SERVICE OF BOSTON, Appellant,**

v.

**Al LEBRECHT, Independent Executor of the Estate of Gertrude L. Vogt, Deceased, Appellee.**

**No. 13–83–034–CV.**

Court of Appeals of Texas, Corpus Christi.

April 26, 1984.

Rehearing Denied May 10, 1984.

Thomas O. Matlock, Jr., Atlas & Hall, McAllen, William L. Lemen, San Juan, for appellant.

J.R. Flores, McAllen, Albert Thomson, Kansas City, Mo., Charles A. Carlson, III, Harlingen, for appellee.

Before KENNEDY, BISSETT and GONZALEZ, JJ.

**OPINION**

KENNEDY, Justice.

This is a will construction case involving the construction of the Last Will and Testament of Gertrude L. Vogt, Deceased, dated September 12, 1979, together with her Last Codicil dated July 10, 1980. Appellee and plaintiff below, Al Lebrecht, Independent Executor of the Estate of Gertrude L. Vogt, Deceased, filed his Petition for Will Construction and Other Relief in County Court at Law Number 2 of Hidalgo County, Texas, against defendant below and ap-

---

**2.** The taxpayer does not claim indigency.

pellant herein, Unitarian Universalist Service Committee of Boston ("Boston"); Wisconsin Council of the Blind, Inc. ("Wisconsin"); Children's Village of U.S.A. ("U.S. A."); Presbyterian Manor ("Presbyterian"); and Virginia Vogt Johnson and Velma Vogt Huber (hereinafter collectively referred to as "daughters"). Appellant's motion in limine to exclude extrinsic evidence was granted. The action was tried before the Court without a jury, following which the Court entered a judgment that "Boston" receive $5,000.00 under the residuary clause of the Will as amended by the Codicil, and that the remainder of the residuary estate be distributed in equal shares to "Wisconsin," "U.S.A.," and "Presbyterian," and finally that the "daughters" receive $10,000.00 each from the residue of the estate. The appeal was brought following the Court's entry of judgment by appellant herein, "Boston." No findings of fact or conclusions of law were requested or filed.

Appellant, by its only point of error, complains that the trial court erred in holding that appellant take only the $5,000 specific bequest and that the residue of the estate should be divided only among the other three charities. Appellees, by their reply point, assert that the trial court's ruling was correct and, by cross-point, complain of the trial court's granting of appellant's motion in limine.[1] This granting of the motion in limine, which denied appellees the opportunity to introduce extrinsic evidence, was the equivalent of a finding that the document was not ambiguous. Appellees objected to the motion, and a bill of exceptions appears in the record.

■ Appellees attempted to condition our consideration of their cross-point on "the event that this Court reverses the judgment of the Trial Court on appeal ..." We find no authority for an appellee to condition his appeal in this way. The only reported case that we could find in which

this had been done, the propriety of the condition was not questioned. *See American Insurance Co. v. First Savings & Loan Association,* 434 S.W.2d 170 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n.r. e.). Rather, it has been held to be the duty of the appellate court to consider cross-points properly raised by appellee. *Payne v. Lucas,* 517 S.W.2d 602 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). The Texas Rules of Civil Procedure provide for a limitation of appeal to a severable portion of the judgment, but do not provide for a conditional appeal. *See* TEX.R. CIV.P. 353, 377. Therefore, we will consider appellee's cross-point for all purposes.

The portion of the codicil which is in dispute reads as follows:

> I do now by this First Codicil to my Last Will and Testament bearing date of Sept. 12, 1979, hereby cancel and revoke the aforesaid provisions, and in lieu of each do hereby make the following provisions, to-wit:
>
> a.) To the Unitarin [sic] Universalist Service Committee of Boston, Mass. I do give and bequeath, the sum of $5,000.00;
>
> b.) To the Wisconsin Council of Blind, Inc., P.O. Box 345, Madison, Wisc. 53701, and
>
> c.) To the Children's Village of U.S.A., 22534 Ventura Bldg., Woods Hills, Calif. 91361, and
>
> d.) To Presbyterian Manor, 7950 Freeman, Kansas City, Kansas, 66112, and to each of above I give, bequeath and devise, all of the rest, residue and remainder of my estate whatsoever, after the payment to each of my two stepdaughters Virginia Vogt Johnson and Velma Vogt Huber, the sum of $10,000.00 each, and in equal shares and parts.
>
> In all other respects I do hereby ratify and confirm all of the other terms, condi-

---

1. A motion in limine is not usual in a bench trial. The purpose of a motion in limine is to avoid the injection into the trial of matters which are irrelevant, inadmissible, and prejudicial; that is, to keep these matters from the jury.

*Wilkins v. Royal Indemnity Company,* 592 S.W.2d 64 (Tex.Civ.App.—Tyler 1979, no writ). *See* 4 Dorsaneo, Texas Litigation Guide, § 114.-01, et seq. (1983).

tions and provisions of my said Last Will and Testament, bearing date of Sept. 12, 1979.

The trial court ruled, and both parties argue, that the will and codicil were unambiguous. We disagree and find the will ambiguous.

Appellant argues that, if the semicolon "is afforded its true, grammatical importance as a semicolon, it is used to separate the residue into two bequests, one-half to the Service Committee and one-half to the other three charities," or, in the alternative, that the court should disregard the semicolon or treat it as a comma, and, therefore, all four charities would share equally in the residue. Appellant directs us to *Empire Insurance Company v. Cooper*, 138 S.W.2d 159, 163–164 (Tex.Civ.App. —Amarillo 1940, writ dism'd) wherein the Court said:

> The most satisfactory definition we have been able to find of a semicolon is in 57 C.J. 121, which, in part, is as follows: "According to well established grammatical rules, *it is a mark of grammatical punctuation, or a point of punctuation, used for marking off a series of sentences or claues of coordinate value, or for the purpose of continuing the expression of a thought, and never for introducing a new idea*." The remainder of the definition, in our opinion, does not change the meaning of the part quoted. "Co-ordinate" means equal, of the same order, rank, degree or importance; not subordinate. Webster's New International Dictionary. *The clauses separated by semicolons were without superiority or inferiority and not independent of each other nor subordinate to each other*. Black's Law Dictionary, Third Edition. (Emphasis added by appellant.)

Appellee, while agreeing that the will and codicil are unambiguous, argues that the trial court in construing the phrase "and to each of above I give, bequeath and devise, all of the rest, residue and remainder of my estate ..." determined that the testatrix, when referring to "each of

above" in dividing the residue of her estate was referring only to b.) "Wisconsin," c.) "U.S.A.," and d.) "Presbyterian," thereby excluding a.) "Boston" from sharing in the residuary estate except to the extent of $5,000.00.

Appellee further argues that the testatrix, by using a ";" immediately after subparagraph a.) of the Codicil in which a specific bequest of $5,000.00 was made to "Boston," intended to separate Clause "a" from Clauses "b," "c," and "d" by using a ";" and the word "and," thus grouping b.) "Wisconsin," c.) "U.S.A.," and d.) "Presbyterian" as a class to share equally in the residue. The trial court's decision is, appellee asserts, further supported by the fact that "Boston" was the only charity listed in subparagraphs "a" through "d" of the Codicil to receive a specific dollar bequest ($5,000.00). Appellee believes it is also significant to note that "Boston" was listed first among the four subparagraphs and not spliced in between the remaining charities. According to appellee, if the testatrix had wanted to treat all four charities equally, she would not have had to use a ";" after Clause "a," nor would she have necessarily placed "Boston" under Clause "a" as the first charity as opposed to being under Clause "b," "c," or "d." She also would have used the word "and" and a ";" immediately after Clause "a" as she had done following Clauses "b" and "c."

In the absence of ambiguity, a will is construed within the four corners of the document. *El Paso National Bank v. Shriner's Hospital for Crippled Children*, 615 S.W.2d 184 (Tex.1981). Both instruments must be construed together as one and must be interpreted as if both had been executed on the date of the later codicil. *Lanz v. Sherrill*, 614 S.W.2d 619 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.); *Houston Bank & Trust Company v. Lansdowne*, 201 S.W.2d 834 (Tex.Civ.App.—Galveston 1947, writ ref'd n.r.e.). Reading the two instruments together, we find that, because of the punctuation and the wording of the codicil, the will and codicil of Gertrude L. Vogt are plainly susceptible to

more than one meaning or of being understood in more than one sense and are therefore ambiguous. *See Gee v. Read,* 606 S.W.2d 677 (Tex.1980). Therefore, extrinsic evidence was admissible to show the decedent's intent. Appellant's point of error is overruled. Appellee's cross-point is sustained. We, therefore, REVERSE AND REMAND for a new trial.

BISSETT, J., not participating.