

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-06-291-CV

KARAN R. MOSELEY, M.D. AND                                         APPELLANTS
OMEGA OB-GYN ASSOCIATES OF
SOUTH ARLINGTON

V.

OMEGA OB-GYN ASSOCIATES OF                                          APPELLEES
SOUTH ARLINGTON AND
KARAN R. MOSELEY, M.D.

------------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Karan R. Moseley, M.D. appeals the trial court's summary judgment in

favor of Omega OB-GYN Associates of South Arlington.  By cross-appeal,

Omega appeals the trial court's "modified" order granting Dr. Moseley's bill of

review.  We reverse the trial court's modified order granting Dr. Moseley's bill

of review, and we render judgment denying the bill of review.

---

[1] *See* TEX. R. APP. P. 47.4.

Dr. Moseley and Omega signed a "Physician Employment Agreement," effective December 1, 1995. By its terms, the contract extended through November 30, 1996, and provided that "[a]t the end of the first year of this Agreement, the Shareholder/Physicians of Omega shall vote whether to admit the Physician as an equity owner in the Professional Association." The contract further stated

> It is not intended that the Physician shall be admitted to the Professional Association until the expiration of twelve (12) months following the Beginning Date and until the Physician has been admitted to the Professional Association by agreement of the Shareholder/Physicians Professional Association. Further, it is not intended that this Agreement between the Physician and the Professional Association shall, by itself, constitute a joint venture or partnership.

The contract also contained an arbitration clause.

Dr. Moseley worked for Omega for several years, although the parties vigorously dispute whether she ever became more than an employee. Following her termination in 1998, Dr. Moseley sued Omega, asserting breach of contract and collection of debt, and seeking a declaratory judgment and an accounting.[2]

---

[2] Dr. Moseley later amended her pleadings to assert additional causes of action and claims, including that she became either an equity shareholder or partner; that the contract was void or voidable; and that Omega violated the DTPA and committed fraud.

After Dr. Moseley filed the lawsuit, the parties scheduled an arbitration date. Shortly before the scheduled arbitration, however, Dr. Moseley notified her then-attorneys that she had retained new representation. Arbitration was postponed by agreement, and the parties filed a joint motion to abate the lawsuit. The parties later agreed to mediate instead, but the mediation was ultimately unsuccessful.

In October 2002, the trial court issued a notice indicating that the lawsuit would be dismissed for lack of prosecution pursuant to Texas Rule of Civil Procedure 165a unless the parties took certain action. Dr. Moseley took no action, so the trial court dismissed the case. On November 15, 2002, two days after the dismissal order was signed, Dr. Moseley filed a "Motion to Set Aside the Contract, Motion to Reinstate Litigation and Void Arbitration, and Motion to Disqualify Arbit[e]r." The trial court set these motions for a January 17, 2003 hearing and denied the motions on that date.[3] The record does not reflect any action by Dr. Moseley between the filing of the motions and the date the motions were heard and denied, and Dr. Moseley contends that she did not receive notice of the dismissal until the date her motions were heard.[4]

---

[3] A docket entry indicates that the motion to reinstate was denied because the motion was not verified and, therefore, the court "lost jurisdiction." *See* TEX. R. CIV. P. 165a(3).

[4] The record reflects that notice of the November 13, 2002 dismissal was mailed to Dr. Moseley's former attorney, whom she had discharged in May

3

Dr. Moseley filed a petition for bill of review on July 2, 2003. Omega answered and moved for summary judgment on the ground that Dr. Moseley did not exercise due diligence in pursuing all adequate legal remedies against the dismissal. After a hearing, the trial court granted Dr. Moseley's bill of review and denied Omega's motion for summary judgment.[5]

On January 19, 2006, the trial court notified Dr. Moseley that it would dismiss the case for want of prosecution on March 9, 2006, unless it received an agreed scheduling order setting the case for a trial before May 29, 2006, or a motion was filed requesting such action by the court. Dr. Moseley requested that the case be set for trial, and the trial court set the case for trial on June 26, 2006.

Prior to the trial setting, however, Omega filed a motion for summary judgment arguing that there was no evidence to support twenty-two elements

2000. Dr. Moseley concedes that her former attorney failed to file a motion to withdraw, and her new attorneys never filed a motion to substitute counsel. We note that notice acquired by an attorney after the termination of the attorney-client relationship is not imputed to the former client. *See Hernandez v. Koch Machinery Co.*, 16 S.W.3d 48, 58 n.6 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *J.J.T.B., Inc. v. Guerrero*, 975 S.W.2d 737, 739 (Tex. App.—Corpus Christi 1998, pet. denied).

[5] Omega subsequently petitioned this court for writ of mandamus, contending that the trial court abused its discretion in granting Dr. Moseley's bill of review. We denied mandamus relief on July 22, 2004, "because [Omega] has an adequate remedy by appeal." The Supreme Court of Texas subsequently denied Omega's petition for writ of mandamus as well.

4

of Dr. Moseley's numerous causes of action and that, because there was no genuine issue of material fact as to those claims, it was entitled to judgment as a matter of law. The trial court granted the motion for summary judgment on July 5, 2006, and this appeal followed.

In its first cross-point, Omega contends that the trial court abused its discretion by granting Dr. Moseley's petition for bill of review because after the case was dismissed for lack of prosecution in November 2002, Dr. Moseley failed to pursue available legal remedies such as a motion to reinstate, a motion for new trial, or a motion to extend post-judgment deadlines.

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial.[6] Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted."[7] To set aside a judgment by bill of review, the petitioner must plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that she

---

[6] *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999).

[7] *Thompson v. Henderson*, 45 S.W.3d 283, 287 (Tex. App.—Dallas 2001, pet. denied).

was prevented from making by the fraud, accident, or wrongful act of her opponent, (3) unmixed with any fault or negligence of her own.[8]

Additionally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment.[9] Relief by equitable bill of review is unavailable if legal remedies were available but ignored, even if the failure to pursue these remedies resulted from negligence or mistake of a party's attorney.[10] The requirement that a party diligently pursue its legal remedies is distinct from the three bill of review elements.[11]

We conclude that Dr. Moseley was not entitled to relief by bill of review because she failed to exercise due diligence in pursuing available legal remedies following the dismissal. It is undisputed that Dr. Moseley did not receive actual notice of the dismissal until January 17, 2003, sixty-five days after the

---

[8] *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998).

[9] *Wembley Inv. Co.*, 11 S.W.3d at 926–27; *Caldwell*, 975 S.W.2d at 537.

[10] *Wembley Inv. Co.*, 11 S.W.3d at 926–27; *Ferrice v. Legacy Ins. Agency, Inc.*, No. 02-05-00363-CV, 2006 WL 1714535, at *3 (Tex. App.—Fort Worth June 22, 2006, pet. denied) (mem. op.); *Garcia v. Tenorio*, 69 S.W.3d 309, 312 (Tex. App.—Fort Worth 2002, pet. denied); *Thompson*, 45 S.W.3d at 288.

[11] *Ferrice*, 2006 WL 1714535, at *3; *Perdue v. Patten Corp.*, 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.).

dismissal order was signed, and well past the thirty-day deadline for filing a motion for new trial or other post-judgment motion.[12]  It is further undisputed that Dr. Moseley's motion to reinstate litigation and void arbitration, filed two days after the dismissal order was signed, was not a motion for new trial or other post-judgment motion.[13]  And, Dr. Moseley did not attempt to utilize rule 306a to extend the time for filing a motion to reinstate or motion for new trial once she received actual notice of the dismissal.[14]  She, therefore, failed to

---

[12] *See* TEX. R. CIV. P. 329b.

[13] *Id.*  The motion to reinstate litigation and void arbitration requested that the case be brought out of arbitration and that the contract be declared void.  The motion did not set forth any grounds for reinstating the dismissed case.  *See* TEX. R. CIV. P. 165a(3).

[14] *See* TEX. R. CIV. P. 306a(1), (4), (5).

> **1. Beginning of periods.** The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules . . . for filing in the trial court the various documents . . . including, but not limited to, motions for new trial [and] . . . motions to reinstate a case dismissed for want of prosecution . . . .
>
> . . . .
>
> **4. No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such

7

exercise due diligence in pursuing available legal remedies and bill of review

relief was unavailable.[15]  Accordingly, we hold that the trial court abused its

discretion[16] by granting the bill of review.[17]  We sustain Omega's first cross-

point.

---

periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(1), (4).

[15] *See Smalling v. Smalling*, Nos. 01-97-00246-CV, 01-98-00691-CV, 1998 WL 394349, at *2 (Tex. App.—Houston [1st Dist.] July 16, 1998, no pet.) (not designated for publication) (holding bill of review unavailable where party had actual notice of default judgment between twenty and ninety days of judgment but failed to file a motion for new trial under rule 306a); *Steward v. Steward*, 734 S.W.2d 432, 434, 435–36 (Tex. App.—Fort Worth 1987, no writ) (holding that bill of review was improperly granted where bill of review petitioner received notice of default judgment on thirty-fourth day following judgment and failed to file motion for new trial under extensions contemplated by rule 306a).

[16] *See Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (setting out abuse of discretion standard of review of trial court's decision to grant or deny a bill of review); *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi 2003, pet. denied) (same).

[17] *See Ferrice*, 2006 WL 1714535, at *3; *Perdue*, 142 S.W.3d at 606–07 (holding that where party had notice of dismissal within the time period during which it could seek a post-judgment remedy short of a bill of review, party had not exercised due diligence if it had not sought such remedy and can offer no good cause for such failure).

Having sustained Omega's first cross-point, we need not address Dr. Moseley's issues challenging the summary judgment.[18] We reverse the trial court's modified order granting Dr. Moseley's bill of review and render judgment denying the bill of review.[19]

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DELIVERED: June 19, 2008

---

[18] *See* TEX. R. APP. P. 47.1. We note that Omega attempted to limit our review of the bill of review, stating that it "conditionally presents the conditional issues in this cross-appeal only if this Court reverses (in whole or in part) the July 5, 2006 Order and Final Summary Judgment." However, an appellee's attempt to condition consideration of a cross-point on "the event that [the appellate court] reverses the judgment of the trial court on appeal" is ineffective to limit or condition the appeal. *Unitarian Universalist Serv. v. Lebrecht*, 670 S.W.2d 402, 403 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.); *see also* John Hill Cayce, Jr., Anne Gardner & Felicia Harris Kyle, *Civil Appeals in Texas: Practicing Under the New Rules of Appellate Procedure*, 49 BAYLOR L. REV. 867, 965 n.627 (1997). Therefore, once a cross-point is presented to an appellate court, it is before the court for all purposes. *See Unitarian Universalist Serv.*, 670 S.W.2d at 403.

[19] *See* TEX. R. APP. P. 43.2(c); *Smalling*, 1998 WL 394349, at *3 (reversing judgment granting bill of review and rendering judgment that bill of review be denied); *Steward*, 734 S.W.2d at 436 (reversing judgment granting bill of review and rendering judgment for appellant on bill of review).

9