COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-291-CV

 

 

KARAN R. MOSELEY, M.D. AND                                          APPELLANTS



OMEGA
OB-GYN ASSOCIATES OF 

SOUTH
ARLINGTON

                                                   V.

 

OMEGA OB-GYN ASSOCIATES OF                                          APPELLEES

SOUTH
ARLINGTON AND 

KARAN
R. MOSELEY, M.D.

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Karan R. Moseley, M.D.
appeals the trial court=s summary
judgment in favor of Omega OB-GYN Associates of South Arlington.  By cross-appeal, Omega appeals the trial
court=s Amodified@ order granting Dr. Moseley=s bill of review.   We reverse
the trial court=s modified
order granting Dr. Moseley=s bill of review, and we render judgment denying the bill of review.








Dr. Moseley and Omega signed
a APhysician Employment Agreement,@ effective December 1, 1995.  By
its terms, the contract extended through November 30, 1996, and provided that A[a]t the end of the first year of this Agreement, the
Shareholder/Physicians of Omega shall vote whether to admit the Physician as an
equity owner in the Professional Association.@  The contract further stated

It is
not intended that the Physician shall be admitted to the Professional
Association until the expiration of twelve (12) months following the Beginning
Date and until the Physician has been admitted to the Professional Association
by agreement of the Shareholder/Physicians Professional Association.  Further, it is not intended that this
Agreement between the Physician and the Professional Association shall, by
itself, constitute a joint venture or partnership.  

 

The contract also contained an arbitration
clause. 








Dr. Moseley
worked for Omega for several years, although the parties vigorously dispute
whether she ever became more than an employee. 
Following her termination in 1998, Dr. Moseley sued Omega, asserting
breach of contract and collection of debt, and seeking a declaratory judgment
and an accounting.[2]         After
Dr. Moseley filed the lawsuit, the parties scheduled an arbitration date.  Shortly before the scheduled arbitration,
however, Dr. Moseley notified her then-attorneys that she had retained new
representation.  Arbitration was
postponed by agreement, and the parties filed a joint motion to abate the
lawsuit.  The parties later agreed to
mediate instead, but the mediation was ultimately unsuccessful.  

In October 2002, the trial
court issued a notice indicating that the lawsuit would be dismissed for lack
of prosecution pursuant to Texas Rule of Civil Procedure 165a unless the
parties took certain action.  Dr. Moseley
took no action, so the trial court dismissed the case.  On November 15, 2002, two days after the
dismissal order was signed, Dr. Moseley filed a AMotion to Set Aside the Contract, Motion to Reinstate Litigation and
Void Arbitration, and Motion to Disqualify Arbit[e]r.@  The trial court set these
motions for a January 17, 2003 hearing and denied the motions on that date.[3]  The record does not reflect any action by Dr.
Moseley between the filing of the motions and the date the motions were heard
and denied, and Dr. Moseley contends that she did not receive notice of the
dismissal until the date her motions were heard.[4]   








Dr. Moseley filed a petition
for bill of review on July 2, 2003. 
Omega answered and moved for summary judgment on the ground that Dr.
Moseley did not exercise due diligence in pursuing all adequate legal remedies
against the dismissal.  After a hearing,
the trial court granted Dr. Moseley=s bill of review and denied Omega=s motion for summary judgment.[5]  

On January 19, 2006, the
trial court notified Dr. Moseley that it would dismiss the case for want of
prosecution on March 9, 2006, unless it received an agreed scheduling order
setting the case for a trial before May 29, 2006, or a motion was filed
requesting such action by the court.  Dr.
Moseley requested that the case be set for trial, and the trial court set the
case for trial on June 26, 2006.  








Prior to the trial setting,
however, Omega filed a motion for summary judgment arguing that there was no
evidence to support twenty-two elements of Dr. Moseley=s numerous causes of action and that, because there was no genuine
issue of material fact as to those claims, it was entitled to judgment as a
matter of law.  The trial court granted
the motion for summary judgment on July 5, 2006, and this appeal followed. 

In its first cross-point,
Omega contends that the trial court abused its discretion by granting Dr.
Moseley=s petition for bill of review because after the case was dismissed for
lack of prosecution in November 2002, Dr. Moseley failed to pursue available
legal remedies such as a motion to reinstate, a motion for new trial, or a
motion to extend post-judgment deadlines. 








A bill of review is an
independent action to set aside a judgment that is no longer appealable or
subject to challenge by a motion for new trial.[6]  Because it is fundamentally important that
some finality be accorded to judgments, a bill of review seeking relief from an
otherwise final judgment is scrutinized by the courts Awith extreme jealousy, and the grounds on which interference will be
allowed are narrow and restricted.@[7]  To set aside a judgment by
bill of review, the petitioner must plead and prove (1) a meritorious defense
to the cause of action alleged to support the judgment, (2) that she was
prevented from making by the fraud, accident, or wrongful act of her opponent,
(3) unmixed with any fault or negligence of her own.[8]


Additionally, bill of review
relief is available only if a party has exercised due diligence in pursuing all
adequate legal remedies against a former judgment.[9]  Relief by equitable bill of review is
unavailable if legal remedies were available but ignored, even if the failure
to pursue these remedies resulted from negligence or mistake of a party=s attorney.[10]  The requirement that a party diligently
pursue its legal remedies is distinct from the three bill of review elements.[11]  













We conclude that Dr. Moseley
was not entitled to relief by bill of review because she failed to exercise due
diligence in pursuing available legal remedies following the dismissal.  It is undisputed that Dr. Moseley did not
receive actual notice of the dismissal until January 17, 2003, sixty-five days
after the dismissal order was signed, and well past the thirty-day deadline for
filing a motion for new trial or other post-judgment motion.[12]  It is further undisputed that Dr. Moseley=s motion to reinstate litigation and void arbitration, filed two days
after the dismissal order was signed, was not a motion for new trial or other
post-judgment motion.[13]  And, Dr. Moseley did not attempt to utilize
rule 306a to extend the time for filing a motion to reinstate or motion for new
trial once she received actual notice of the dismissal.[14]  She, therefore, failed to exercise due
diligence in pursuing available legal remedies and bill of review relief was
unavailable.[15]  Accordingly, we hold that the trial court
abused its discretion[16]
by granting the bill of review.[17]  We sustain Omega=s first cross-point.  








Having sustained Omega=s first cross-point, we need not address Dr. Moseley=s issues challenging the summary judgment.[18]  We reverse the trial court=s modified order granting Dr. Moseley=s bill of review and render judgment denying the bill of review.[19]

PER CURIAM

PANEL A: 
CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DELIVERED: 
June 19, 2008         











[1]See Tex. R. App. P. 47.4.





[2]Dr.
Moseley later amended her pleadings to assert additional causes of action and
claims, including that she became either an equity shareholder or partner; that
the contract was void or voidable; and that Omega violated the DTPA and
committed fraud. 





[3]A
docket entry indicates that the motion to reinstate was denied because the
motion was not verified and, therefore, the court Alost
jurisdiction.@  See Tex. R. Civ. P. 165a(3).





[4]The record
reflects that notice of the November 13, 2002 dismissal was mailed to Dr.
Moseley=s
former attorney, whom she had discharged in May 2000.  Dr. Moseley concedes that her former attorney
failed to file a motion to withdraw, and her new attorneys never filed a motion
to substitute counsel.  We note that
notice acquired by an attorney after the termination of the attorney-client
relationship is not imputed to the former client.  See Hernandez v. Koch Machinery Co., 16
S.W.3d 48, 58 n.6 (Tex. App.CHouston [1st Dist.] 2000,
pet. denied); J.J.T.B., Inc. v. Guerrero, 975 S.W.2d 737, 739 (Tex. App.CCorpus
Christi 1998, pet. denied).





[5]Omega
subsequently petitioned this court for writ of mandamus, contending that the
trial court abused its discretion in granting Dr. Moseley=s
bill of review.  We denied mandamus
relief on July 22, 2004, Abecause  [Omega] has an adequate remedy by appeal.@  The Supreme Court of Texas subsequently
denied Omega=s
petition for writ of mandamus as well. 





[6]Wembley
Inv. Co. v. Herrera, 11 S.W.3d 924, 926B27
(Tex. 1999).





[7]Thompson
v. Henderson, 45 S.W.3d 283, 287 (Tex. App.CDallas
2001, pet. denied).





[8]Caldwell
v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998).





[9]Wembley
Inv. Co., 11 S.W.3d at 926B27;
Caldwell, 975 S.W.2d at 537.





[10]Wembley
Inv. Co., 11 S.W.3d at 926B27; Ferrice
v. Legacy Ins. Agency, Inc., No. 02-05-00363-CV, 2006 WL 1714535, at *3
(Tex. App.CFort
Worth June 22, 2006, pet. denied) (mem. op.); Garcia v. Tenorio, 69
S.W.3d 309, 312 (Tex. App.CFort Worth 2002, pet.
denied); Thompson, 45 S.W.3d at 288.





[11]Ferrice,
2006 WL 1714535, at *3; Perdue v. Patten Corp., 142 S.W.3d 596, 606
(Tex. App.CAustin
2004, no pet.). 





[12]See Tex. R. Civ. P. 329b.





[13]Id.  The motion to reinstate
litigation and void arbitration requested that the case be brought out of
arbitration and that the contract be declared void.  The motion did not set forth any grounds for
reinstating the dismissed case.  See
Tex. R. Civ. P. 165a(3). 





[14]See Tex. R. Civ. P. 306a(1), (4), (5).

 

1.
Beginning of periods. The date of judgment or order is signed as shown
of record shall determine the beginning of the periods prescribed by these
rules . . . for filing in the trial court the various documents . . .
including, but not limited to, motions for new trial [and] . . . motions
to reinstate a case dismissed for want of
prosecution . . . .

 

. . .
. 

 

4. No
notice of judgment. If within twenty days after the judgment or
other appealable order is signed, a party adversely affected by it or his
attorney has neither received the notice required by paragraph (3) of this rule
nor acquired actual knowledge of the order, then with respect to that party all
the periods mentioned in paragraph (1) shall begin on the date that such party
or his attorney received such notice or acquired actual knowledge of the
signing, whichever occurred first, but in no event shall such periods begin more
than ninety days after the original judgment or other appealable order was
signed. 

Tex. R. Civ. P. 306a(1), (4).





[15]See
Smalling v. Smalling, Nos. 01‑97‑00246‑CV, 01‑98‑00691‑CV,
1998 WL 394349, at *2 (Tex. App.CHouston [1st Dist.] July 16,
1998, no pet.) (not designated for publication) (holding bill of review
unavailable where party had actual notice of default judgment between twenty
and ninety days of judgment but failed to file a motion for new trial under
rule 306a); Steward v. Steward, 734 S.W.2d 432, 434, 435B36
(Tex. App.CFort
Worth 1987, no writ) (holding that bill of review was improperly granted where
bill of review petitioner received notice of default judgment on thirty-fourth
day following judgment and failed to file motion for new trial under extensions
contemplated by rule 306a).





[16]See
Davis v. Smith, 227 S.W.3d 299, 302 (Tex. App.CHouston
[1st Dist.] 2007, no pet.) (setting out abuse of discretion standard of review
of trial court=s
decision to grant or deny a bill of review); Manley v. Parsons, 112
S.W.3d 335, 337 (Tex. App.CCorpus Christi 2003, pet.
denied) (same).





[17]See
Ferrice, 2006 WL 1714535, at *3; Perdue, 142 S.W.3d at 606B07
(holding that where party had notice of dismissal within the time period during
which it could seek a post-judgment remedy short of a bill of review, party had
not exercised due diligence if it had not sought such remedy and can offer no
good cause for such failure).





[18]See Tex. R. App. P. 47.1.  We note that Omega attempted to limit our
review of the bill of review, stating that it Aconditionally
presents the conditional issues in this cross-appeal only if this Court
reverses (in whole or in part) the July 5, 2006 Order and Final Summary
Judgment.@  However, an appellee=s
attempt to condition consideration of a cross‑point on Athe
event that [the appellate court] reverses the judgment of the trial court on
appeal@ is
ineffective to limit or condition the appeal. 
Unitarian Universalist Serv. v. Lebrecht, 670 S.W.2d 402, 403
(Tex. App.CCorpus
Christi 1984, writ ref=d
n.r.e.); see also John Hill Cayce, Jr., Anne Gardner & Felicia
Harris Kyle, Civil Appeals in Texas: Practicing Under the New Rules of
Appellate Procedure, 49 Baylor L.
Rev. 867, 965 n.627 (1997). 
Therefore, once a cross‑point is presented to an appellate court,
it is before the court for all purposes. 
See Unitarian Universalist Serv., 670 S.W.2d at 403.





[19]See Tex. R. App. P. 43.2(c); Smalling,
1998 WL 394349, at *3 (reversing judgment granting bill of review and rendering
judgment that bill of review be denied); Steward, 734 S.W.2d at 436
(reversing judgment granting bill of review and rendering judgment for
appellant on bill of review).