Sebesta v. Quinoco Petroleum 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-133-CV

Â Â Â Â Â Â Â Â EDWARD CHARLES SEBESTA, SR., ET AL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â QUINOCO PETROLEUM, INC., ET AL,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

 From the 272nd District Court
Brazos County, Texas
Trial Court # 28,873-272
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â This is an appeal from a summary judgment finding that notice by only one of the five
lessors was insufficient to effect forfeiture of an oil and gas lease. 
Â Â Â Â Â Â Â Â Â Â Lessors, Appellants herein, were Edward C. Sebesta, Sr., and wife, Laura J. Sebesta, who
held a life estate, and Murray F. Sebesta, Wayne H. Sebesta and Edward C. Sebesta, Jr., who
were remaindermen. They executed an oil and gas lease on 146.5 acres of their property in
Brazos County in which Quinoco Petroleum, Inc., was a subsequent assignee.
Â Â Â Â Â Â Â Â Â Â Lessors brought this action to declare the oil and gas lease forfeited and for royalties due
pursuant to Section 17 of the lease, which in pertinent part provided as follows:
In the event the Lessee shall be delinquent with any royalty payment to Lessor
under the terms of this Lease Agreement for a period in excess of 180 days . . . ,
the Lessor shall have the right to terminate this agreement following 30 days
written notice to Lessee of such delinquency and default. Lessee shall have the
right to maintain the lease by payment to Lessor of all delinquent sums and interest
thereon prior to expiration of the thirtieth day following said notice. In the event
of such declared forfeiture by Lessor, Lessee shall lose all of its rights and estates
under all producing acreage hereunder . . . 

Â Â Â Â Â Â Â Â Â Â It is undisputed that Quinoco failed to pay royalties to the lessors for a period of 180 days
from October 1984 through June 1985. Pursuant to the lease, Appellant Murray F. Sebesta sent
a letter "on behalf of his family and other royalty owners" to Quinoco giving notice of the 180-day
delinquency with the right to cure the default within thirty days. No payment was made by the
thirtieth day after such notice. Murray F. Sebesta then gave notice to Quinoco of termination of
the lease under the above provision and provided a Release of Oil and Gas Lease, which Quinoco
refused to sign.
Â Â Â Â Â Â Â Â Â Â Appellants complain in two points that (1) the court erred in granting the motion for
summary judgment because there is a dispute of a genuine issue of material fact of whether notice
was given by all lessors to the lease, and (2) that there is a material issue of fact whether notice
was required to be given by all lessors to the lease. We will affirm the judgment.
Â Â Â Â Â Â Â Â Â Â In construing this lease contract, we are guided by the rule stated in Hancock v. Texaco,
Inc., 520 S.W.2d 466, 469 (Tex.Civ.App.âCorpus Christi 1975, writ ref'd n.r.e.), where the
court stated: "If a forfeiture provision is capable of two constructions, one of which will effect
a forfeiture, the provision is to be given the construction which will prevent a forfeiture." Here,
we do not find the contract to be ambiguous. Each of the lessors signed the lease and beside each
signature was the printed designation "Lessor," making it obvious there were five lessors. After
the making of the lease, the lessors entered a "Stipulation of Interest" among themselves which
attempted to divide the royalty proceeds under the lease, but which did not change their legal
relationship as life-estate owners and remaindermen in all other respects on the leased premises. 
Absent the "Stipulation of Interest," the remaindermen would have no title to any present
possessory interest in the royalties, and the life tenants would be entitled to exclusive control of
the property. See Enserch Exploration, Inc. v. Wimmer, 718 S.W.2d 308, 310
(Tex.App.âAmarillo 1986, writ ref'd n.r.e.). However, the court is controlled by the meaning
of the lease at the time it was entered into and not in light of subsequent events. See Hancock, 520
S.W.2d at 468. Therefore, when Murray F. Sebesta gave notice of default, he must be considered
in his capacity as a remainderman. As such, he had no present status to impact the estate without
the joinder of the life tenants, and it stands to reason that he could not individually effect a valid
notice of forfeiture of the lease. See Lowrance v. Whitfield, 752 S.W.2d 129, 134
(Tex.App.âHouston [lst Dist.] 1988, writ denied).
Â Â Â Â Â Â Â Â Â Â Appellants argue that Murray F. Sebesta's notice letter stating he was acting on behalf of
his "family members and other royalty owners" was sufficient because the lessors subsequently
by affidavit confirmed his authority to act in behalf of the other lessors. Their after-the-fact
attempt to provide authorization is not sufficient to effect notice of forfeiture and is contrary to the
long-standing principle that the law does not favor forfeitures. See Sirtex Oil Industries, Inc. v.
Erigan, 403 S.W.2d 784, 787 (Tex. 1966). If the terms of a contract are fairly susceptible of an
interpretation which will prevent a forfeiture, they will be so construed. Id.
Â Â Â Â Â Â Â Â Â Â Points of error one and two are overruled. The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas and
Â Â Â Â Â Â Â Â Â Â Justice Cummings
Â Â Â Â Â Â Â Â Â Â (Justice Vance not participating)
Â Â Â Â Â Â Â Â Â Â Affirmed
Opinion delivered and filed March 4, 1992
Do Not Publish



eight:200%'>Williams contends that the trial court erred by
denying his motion for new trial and by not declaring a mistrial because of
newly discovered evidence.  The defense presented a witness, Crestine Morales,
who testified that she possessed the cocaine that was found in the vehicle,
which was powder cocaine, and that Williams did not know that there were drugs
in the vehicle.Â  In his brief, Williams includes a typed copy of an affidavit
purported to be signed by Morales, but it was never presented to the trial
court and we will not consider it for purposes of this appeal.Â  Additionally,
he includes statements regarding MoralesÂs subsequent plea of guilty for possession
of cocaine.Â  An appellate court may not consider factual assertions that are
outside the record, and a party cannot circumvent this prohibition by
submitting an affidavit for the first time on appeal.Â  See Whitehead v.
State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); see also Rodriguez
v. State, 996 S.W.2d 402, 403 (Tex. App.ÂWaco 1999, no pet.).Â  Therefore,
we will not consider those allegations as they are outside of the record.

Â Â Â Â Â Â Â Â Â Â Â  It is unclear on what basis Williams
contends that the trial court should have declared a mistrial.Â  WilliamsÂs
trial counsel did not ask the trial court to grant a mistrial, therefore, any
potential error was waived.Â  See Tex.
R. App. P. 33.1(a).Â  We overrule supplemental issue two.

Admission of Evidence

Â Â Â Â Â Â Â Â Â Â Â  Williams complains that the trial
court erred in the admission of photographic evidence because he contends that
upon MoralesÂs testimony that she was the owner of the drugs, those photographs
should have been stricken from the record.Â  He also contends that a videotape admitted
into evidence and played for the jury should have been excluded because he
believes that it was altered.Â  However, no objection was made to either the
photographs or the videotape at the time of their admission.Â  Williams did
attempt to raise the issue of the alleged alteration of the videotape with the
trial court later; however, upon further questioning by the trial court,
Williams finally stated that he was only seeking an internal investigation of
the police department.Â  Any possible error to these exhibits was waived when
they were admitted without a timely objection.Â  See Tex. R. App. P. 33.1(a).Â  We overrule
supplemental issue three.




Perjured Testimony

Â Â Â Â Â Â Â Â Â Â Â  Williams complains that the trial
court erred by allowing one of the arresting officers to testify falsely
without admitting either the offense report or a report on ethnic racial
profiling into evidence.Â  See Tex.
Code Crim. Proc. Ann. art 2.132 (Vernon 2005).Â  The offense report from
WilliamsÂs arrest was neither offered nor admitted into evidence.Â  Further,
Williams does not explain how the admission of these reports affected his trial
or would have been admissible in the first place.Â  See Tex. R. Evid. 803(8); Tex. R. App. P. 38.1(h).Â  Any error
regarding this issue is waived.Â  See Tex.
R. App. P. 33.1(a).Â  We overrule supplemental issue four.

Â Â Â Â Â Â Â Â Â Â Â  Williams complains that the trial
court erred by allowing the State: (1) to bring conflicting testimony by an
officer; (2) by not admitting the offense report and a racial profiling report
into evidence; and (3) by misleading the jury by not bringing in the laser to
prove the allegation that Williams was speeding prior to being pursued by law
enforcement.Â  Williams contends that the officer was lying when he stated that
he got a speed reading of 50 miles per hour in a 30 mile per hour zone by laser
because a speeding ticket he received was allegedly dismissed for insufficient
evidence.Â  However, after a review of the record, this allegation regarding his
speeding ticket is not mentioned in the record, and Williams has not cited to
any testimony or other evidence regarding the ticket or subsequent dismissal.Â 
We will not consider facts outside the record.Â  See Whitehead, 130
S.W.3d at 872.Â  

Further, the issue of whether a witness was being
truthful or not was within the province of the jury as the
exclusive judge of the credibility of the witnesses and of the weight to be
given to their testimony.Â  See Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996).Â  Williams has not cited to, nor have we found, anything in
the record to show that Williams was not speeding when the police began
pursuit.Â  We overrule supplemental issue five.

Presumption of Innocence

Â Â Â Â Â Â Â Â Â Â Â  Williams complains that the trial
court erred by not admonishing the jury and striking a misstatement by his
trial counsel that he contends violates his presumption of innocence without a
request to do so by either his trial counsel or the State.Â  Williams contends
that his trial counselÂs misstatement basically rose to the level of a
concession of guilt.Â  We disagree with that characterization.Â  Williams has
already contended that this one comment constituted ineffective assistance of
counsel, which we have overruled.Â  No objection was lodged at the trial court
to this comment nor was a request made to strike the comment.Â  WilliamsÂs
argument as he has presented it in this issue was waived by the failure to seek
any remedy from the trial court.Â  See Tex.
R. App. P. 33.1(a).Â  We overrule supplemental issue six.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that jeopardy does not attach
to enhancement paragraphs pled in an indictment, and therefore, the trial court
did not err by allowing the State to rescind its prior abandonment of an
enhancement paragraph.Â  Thus, WilliamsÂs sentence was not illegal either due to
the length or location of incarceration.Â  Williams failed to meet his burden to
establish that he received ineffective assistance of counsel.Â  WilliamsÂs other
objections were waived because they were not preserved at trial.Â  We affirm the
judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Before
Chief Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Davis

Affirmed

Opinion
delivered and filed May 12, 2010

Do
not publish 

[CR25]









[1] The
first three issues were contained in a brief filed by WilliamsÂs appointed
counsel on appeal prior to this Court abating this appeal to the trial court
for a determination of whether or not Williams desired to represent himself on
appeal.Â  Williams was allowed by the trial court to represent himself in this
appeal.Â  This Court allowed Williams to file his own brief supplementing the
brief previously filed by his appellate counsel prior to that abatement.Â  The
final six issues are from WilliamsÂs pro se supplemental brief.





[2] The
first enhancement paragraph, which the State initially abandoned, was for a
state jail felony conviction.Â  The third enhancement paragraph was for a third
degree felony conviction.Â  The State originally sought to have Williams
punished for a second degree felony, but after the filing of the amended notice
only sought to have him punished for a third degree felony, because WilliamsÂs
prior convictions did not give rise to the second degree punishment
enhancement.Â  See Tex. Pen. Code
Ann. Â§ 12.42(a)(1) (Vernon 2005).