## JOHN H. MAXWELL & CO. v. MAXWELL.
### No. 15075.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 2, 1949.

Rehearing Denied Jan. 13, 1950.

J. Rob Griffin and Lattimore, Couch & Lattimore, all of Fort Worth, for appellant.

Andress & Ramsey and Wm. Andress, Jr., all of Dallas, for appellee.

HALL, Justice.

On October 28, 1931, appellee Ruby Mina Maxwell recovered judgment for divorce against John H. Maxwell in a district court of Tarrant County, Texas.

In the year 1942, John H. Maxwell instituted a suit in the district court of Dallas County, Texas by filing an application for writ of habeas corpus, wherein he sought possession of their child, Zella Rosemary Maxwell. Ruby Mina Maxwell, appellee in the instant case, filed her answer and cross action on July 10, 1942, in the Dallas County case, supra, alleging she was entitled to be reimbursed for monies she had expended for support and maintenance of the child, and in her third amended answer asked, among other things, that she be entitled to a partition and an accounting of the community property then owned between her and her former husband. Upon the filing of such answer and cross action John H. Maxwell dismissed his application for writ of habeas corpus. The trial court in Dallas County sustained exceptions to that portion of appellee's pleading which asked for a partition and an accounting of the community property. A moneyed judgment was rendered against John H. Maxwell in the Dallas case; he appealed to the Court of Civil Appeals and the judgment of the Court of Civil Appeals is the law of the case to be tried in Dallas County as reported and styled Maxwell v. Maxwell, 204 S. W.2d 32, 40, n. r. e. Among other things, the opinion recites: "We affirm the trial court's judgment save that portion which relates to appellee's claim to an interest in the property belonging to the parties as set

forth in the judgment of the 96th District Court." Said case is still pending in the District Court of Dallas County, Texas.

On November 14, 1947, appellee Ruby Mina Maxwell filed a lis pendens notice in the Lis Pendens Records of Tarrant County, Texas, which complies with the provisions set out in Article 6640, R.C.S.

On February 16, 1949, appellant John H. Maxwell & Company, a corporation, filed the instant suit in a district court of Tarrant County, Texas, the purpose of which was to cancel the lis pendens notice, supra, and/or to remove it as a cloud upon its title to land which it purchased from John H. Maxwell after the lis pendens notice was placed of record.

Appellee filed among other grounds of defense a plea in abatement, setting out facts in which she undertook to reveal why the district court of Tarrant County had no jurisdiction to try the instant case; upon a hearing of said plea in abatement the trial court sustained the same, and among other things in its order sustaining said plea the court found the following: " * * * and it appears to the court that the premises described in plaintiff's petition were owned of record by John H. Maxwell at the time the defendant filed a lis pendens notice which is introduced in evidence herein, and that thereafter the plaintiff acquired the said premises from John Maxwell, and that the plaintiff did not know of the existence of the lis pendens notice filed in Tarrant County, Texas, at the time that it acquired said premises, but in fact said notice was on file in the appropriate records of the County Clerk of Tarrant County, Texas, and it further appears that the suit filed by the defendant against John H. Maxwell is pending in Dallas County, Texas, and is undisposed of.

"It is therefore ordered that the plea in abatement be, and the same is hereby sustained, and the cause is dismissed, * *"

Appellant appeals from said order dismissing its cause of action, by submitting four points of error, which are as follows:

"Point One. Appellant was entitled to its day in court for the determination of whatever rights it had in the land in question situated in Tarrant County, Texas.

"Point Two. Appellant, not being a party to the Dallas County suit, had a right to be heard on the merits of its claim in Tarrant County so long as it does not invade the issues made in the suit by appellee against John H. Maxwell, individually, in Dallas County.

"Point Three. A lis pendens notice which is not valid is no bar to a suit by an owner of land in trespass to try title in the county where the land is located, such owner not being made a party to the first suit in another county concerning which the lis pendens was filed.

"Point Four. A lis pendens notice is of no effect unless the property described in the lis pendens is also described in the pleadings in the suit concerning which the lis pendens is issued."

Result of the trial court's action in sustaining appellee's plea in abatement is a finding that appellee's petition now pending in the district court of Dallas County, Texas against John H. Maxwell was sufficient to allege some cause of action against John H. Maxwell for interest in his property. This finding of the trial court is supported by the opinion of the Amarillo Court of Civil Appeals, supra, which becomes the law in that case.

In discussing appellant's point No. 1 wherein it complains of the trial court's action in sustaining appellee's plea in abatement and in dismissing its cause of action, thereby depriving "its day in court," we note in its petition, which was in the nature of a trespass to try title, it specifically plead as a cause of action that the lis pendens instrument in question was a cloud upon its title, therefore such special pleading restricted the issue before the court to that of the lis pendens. We thus find that appellant did have its day in court upon such issue.

What we have said about point one also applies to appellant's point two, and we overrule both assignments. 41 Tex.Jur., p. 563, sec. 83; Sanderson v. Sanderson, Tex. Civ.App., 82 S.W.2d 1008, affirmed by Su-

preme Court, 130 Tex. 264, 109 S.W.2d 744; MacDonald v. Follett, Tex.Civ.App., 175 S.W.2d 671, affirmed by Supreme Court, 142 Tex. 616, 180 S.W.2d 334; Hunt v. Turner, Tex.Civ.App., 88 S.W.2d 520, affirmed by Supreme Court, 131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066.

In discussing appellant's points three and four, wherein it cites as error the trial court's action in sustaining appellee's plea in abatement because, first, that the lis pendens notice is invalid, therefore said written instrument becomes a cloud upon the title to its land and venue to try the same is in Tarrant County, Texas where the land is located, under section 14, Article 1995; and second, the lis pendens notice is invalid because appellee's pleading in the district court of Dallas County does not properly describe the property involved in the instant suit and does not allege a cause of action against the title to the property purchased by appellant from John H. Maxwell, be that as it may, we need not construe appellee's cause of action set out in her cross action against appellant's predecessor in title for interest in land, from which the lis pendens notice sprang, to ascertain if it alleges a cause of action for the following reasons:

(1) The Amarillo Court of Civil Appeals reversed and remanded the Maxwell case, supra, upon the then appellee's third cross assignment of error, who is also appellee in the instant case, such assignment of error containing a proposition that the trial court erred in sustaining the exception to that portion of appellee's pleading which asked for an accounting and a partition of the community property. The Amarillo Court held that the following exceptions of the appellant in that case, who is the predecessor in title of appellant in the instant case, failed to show any defect in appellee's pleadings and they were too general in their terms, etc., said exceptions are briefly interpreted by that court: "The appellee failed to state a cause of action; the appellee was not specific as to the original community property, or to the present community property; and that the appellee's allegations are contrary to the terms of the judgment."

(2) Since a certified copy of the application for writ of error in that case is not before us, wherein the Supreme Court refused said writ, n. r. e., we are without authority to state whether or not appellee's petition and her exhibit A (which is a certified copy of the judgment for divorce) allege a cause of action for interest in the land of appellant's predecessor in title.

(3) After the return date of the mandate from the Amarillo Court of Civil Appeals and after appellee, being the same appellee in the instant case, had filed amended pleadings to cover only that portion of her cross action which had been remanded for re-trial by the Amarillo Court of Civil Appeals, appellant's predecessor in title, John H. Maxwell, who was appellant in the Dallas case, filed his plea of privilege to be sued in Tarrant County on five grounds, No. 2 being as follows: " * * * overruling appellant's first plea of privilege in appellant's custody suit, to the cross action of appellee for recovery for debt of money expended for child support and for accounting of community property, is not res adjudicata of the issue of venue, after the pleadings have been amended so as to include only the issue of accounting on the community property of the marriage, it being the only issue left to be litigated after the judgment of the Court of Civil Appeals; and the nonresident again pleads his privilege; * * *"

The trial court overruled said plea of privilege to be sued in Tarrant County by appellant's predecessor in title. The Court of Civil Appeals sitting at Dallas affirmed the trial court's order overruling such plea, on the theory that since the appellant in that case had filed the original petition in Dallas County, he therefore submitted to the jurisdiction of that court and waived his rights to insist on his privilege to be sued in Tarrant County, Texas on the cause of action asserted in appellee's cross action. However, the cases cited by the Dallas Court of Civil Appeals in support of such contention do not involve child custody cases brought by plaintiff (for venue purposes) in the county where the child's domicile is and the filing of a cross action upon such petition for interest in real estate situated in another county belonging to plaintiff.

Since the opinion of the Dallas Court of Civil Appeals in the case of Maxwell v. Maxwell, 217 S.W.2d 470, has become final as to venue, we do not feel disposed to comment upon appellant's contention that, first, there is nothing left in the Dallas Court case to litigate except appellee's claim for interest in land; second, that venue lies in Tarrant County; and third, that since the district court of Tarrant County in its order in the divorce decree in October, 1931, undertook to dispose of the community estate between appellee and appellant's predecessor in title to the remainder community estate if, as and when he paid to appellee the sum of $725, execution was stayed on such community property so long as Maxwell paid said sum monthly as provided in the judgment. Said judgment manifestly gave appellee a right of execution on said community estate to recover her $725 if, as and when John H. Maxwell failed to pay.

■ Whatever interest, if any, appellee Ruby Mina Maxwell has in said property of appellant's predecessor in title must derive from the judgment of the district court of Tarrant County in the divorce decree of October 28, 1931, wherein said property settlement was made between her and John H. Maxwell, her former husband. To this extent appellant's predecessor in title must go to Dallas County to defend against same, under the opinions of the Court of Civil Appeals at Amarillo, supra, and the Court of Civil Appeals at Dallas, supra.

Appellant in this case, having stepped into the shoes of its predecessor in title, John H. Maxwell, by purchasing said property from said Maxwell after appellee's lis pendens notice was filed for record in Tarrant County, Texas, where the land is situated, is charged with knowledge of the pleadings of appellee in the Dallas County court and charged with the legal knowledge of the opinions from the two courts of civil appeals, supra, affecting said case.

To extent of the holdings in said two courts of civil appeals opinions, we find that the written instrument complained of by appellant is a lis pendens rather than a

cloud upon its title. See 28 Tex.Jur., pp. 334–338, sections 21–23.

Judgment of the trial court is affirmed.

SPEER, J., concurring.

McDONALD, C. J., disqualified and not participating.

SPEER, Justice.

I concur in the result of this appeal as expressed by Mr. Justice HALL. Hazarding some repetition, I would add a thought to what has been said.

I note that the authorities cited and relied upon by appellant present situations prior to the passage of Article 6640, R.C. S., in 1905. Prior to that time lis pendens was very general, and while our statute did not abrogate all of the elements of lis pendens as it existed at common law, it did materially change the effect of the law of lis pendens where real estate is involved. 28 Tex.Jur., p. 319, sec. 12.

Since the passage of our statutory provision neither purchasers nor litigants may rely solely upon the common law rule. The statute was passed to protect all parties to a suit, as well as all subsequent purchasers. Where the statute has been complied with, as in this case, subsequent purchasers pending the suit have constructive notice of pending litigation and are bound by the final judgment when entered in the pending case. 28 Tex.Jur., p. 320, secs. 11–12. See also Article 7391, Vernon's Anno.Civ.St.

Referable to appellant's fourth point of error, I am of the opinion that in this appeal we are not called upon to determine whether or not the Amarillo Court (204 S.W.2d 32) was right or wrong in the conclusions reached, to the effect that appellee's petition stated a cause of action as against the exceptions urged in the trial court. The court having decided that question, the parties are bound by it and must try the case as it stands unless amendments are filed. It logically follows, I think, that if the petition is sufficient upon which to try the rights of appellee to an interest in what she claims is property owned in com-

mon between her and John H. Maxwell, it is sufficient to form the basis of an effective lis pendens in Tarrant County where the land in controversy is situated; this is a complete answer to appellant's contention in its fourth point of error, in which it challenged the sufficiency of the petition as a basis for lis pendens.

I do not think we are concerned here with a construction of the judgment entered in the divorce decree in 1931. That matter will necessarily come before the trial court when the case is finally tried in the Dallas County District Court.

The trial court in the instant case must have had these principles in mind when he sustained the plea in abatement and thus effectively denied appellant the relief it sought.

With these reasons in addition to what has been written by Judge HALL, I concur in the affirmance of the judgment appealed from.