Alan Richard **STEWARD**, Appellant,

v.

Jane **STEWARD**, Appellee.

No. 2–86–103–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 6, 1987.

Elvin E. Tackett, Grapevine, for appellant.

William K. Berenson, Fort Worth, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION ON MOTION FOR REHEARING

KELTNER, Justice.

We withdraw our opinion and judgment of March 26, 1987, in which we reversed and remanded this case and enter this opinion in which we reverse and render.

Alan Steward appeals the granting of his former wife's bill of review, overturning the previous decree of divorce. The issue before us is whether Jane was entitled to the granting of a bill of review without a hearing, when the record disclosed that no record of testimony was made at the default hearing.

We hold that she was not.

The record before us presents an interesting fact situation. Alan Steward ("Alan") and Jane Steward ("Jane") were married in 1970. Their marriage produced two children. In 1976, the Stewards separated while living in Pennsylvania, where Jane still resides. Alan filed a petition for divorce in Tarrant County, Texas in 1984. Jane was served with a citation on May 15, 1984, but filed no answer. As a result, Alan took a default judgment on July 13, 1984. That judgment appointed Jane as managing conservator of the children, ordered Alan to pay $300.00 per month in child support and divided certain property. The property division awarded Alan and Jane the property in their possession and awarded Jane a residence in Pennsylvania in "lieu of" Alan's retirement plan with his employer and "any prior support not paid, and that might be owed for any child support in the past...."

Jane filed a petition for bill of review on November 28, 1984, seeking to set aside the divorce judgment. In her petition Jane admits that she was served on May 15, 1984, but further alleges that she hired an attorney who "apparently contacted" the court clerks in Tarrant County, Texas concerning the answer date. She claims that the attorney was given erroneous information regarding the deadline for filing an answer. Jane contends that she received the default divorce decree more than 30 days after it was entered thereby depriving her of the opportunity to file a motion for new trial. In support of that allegation, she attached the envelope she received from Alan's lawyer, containing the divorce judgment. The envelope was postmarked August 15, 1984 and was received by Jane on August 17, 1984. Jane also alleged several defenses that she claimed would be meritorious including: an erroneous and unfair division of the property; her collec-

tion of past due spouse and child support; and amounts due under decrees from foreign states.

At the trial court, Jane claimed that she was entitled to bill of review because no record was taken of the default hearing in violation of TEX.FAM.CODE ANN. sec. 11.14(d) (Vernon 1986). Our Supreme Court has held that section 11.14(d) requires the trial court to make a written record of the proceedings in domestic relations cases unless that right is waived by all parties. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978). In reliance on the mandatory language of section 11.14, the trial court granted Jane's petition for bill of review without a hearing. As a result, Jane presented no evidence in support of her bill of review.

It should be noted that Jane admitted receiving notice of the judgment 34 days after it was signed. TEX.R.CIV.P. 306a(4) provides that if a party does not receive notice of the judgment within 20 days of the day it is signed, all time limits for motion for new trial run from the date of receipt of actual notice. As a result, Jane could have filed a motion for new trial and proceeded to this court by regular appeal. Jane could also have appealed to this court on application for writ of error within six months from the signing of the judgment (January 13, 1985) under TEX.R.CIV.P. 360[1] and TEX.CIV.PRAC. & REM.CODE ANN. sec. 51.012 (Vernon 1986). If Jane had taken either of the routes, we would have been forced to reverse the default decree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985); *Rogers*, 561 S.W.2d at 173; *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976).

██ Instead, Jane chose the bill of review. In so doing she undertook a much greater burden than in a regular appeal or an appeal by writ of error. A bill of review is a different sort of creature. It is an equitable remedy which seeks to set aside a judgment when other routes of appeal are closed. *Transworld Financial Services v. Briscoe*, 722 S.W.2d 407 (Tex.1987); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). In a bill of review, the movant must both plead and prove three elements: (1) a meritorious defense to the original plaintiff's cause of action; (2) which the movant was prevented from asserting by fraud, accident or the wrongful act of the original plaintiff; and (3) unmixed with any fraud or negligence of the movant. *Transworld*, 722 S.W.2d at 407–08; *Alexander v. Hagedorn*, 148 Tex. 565, 568–569, 226 S.W.2d 996, 998 (1950). The burden on the movant is harsh because of the justifiable public policy that judgments must become final at some point. *Transworld*, 722 S.W.2d at 407–08. The statute of limitations for filing a bill of review is four years.[2] *Levy v. Roper*, 113 Tex. 356, 256 S.W. 251 (1923); *Ragsdale v. Ragsdale*, 520 S.W.2d 839, 844 (Tex.Civ.App.—Fort Worth 1975, no writ).

A writ of error must be filed within six months from the date of signing of the judgment and an appeal must be perfected within 30 days by the filing of a cost bond. Parties to a proceeding are entitled to know when the proceeding becomes final. As a result, the judgment should normally be attacked on appeal or in proper circumstances by writ of error. A later attack on the judgment can cause serious problems for parties who have relied on the finality of the judgment. This case illustrates what harm can occur. After the original default became final, Alan remarried. The overturning of the default judgment by the bill of review has caused doubts as to the validity of his remarriage.

As a result, it is important to require strict adherence to the three bill of review elements. Since the trial judge granted the bill of review without a hearing, Jane was

---

1. At the time of the facts giving rise to this case, TEX.R.CIV.P. 360 was in effect. However, that rule is now covered in TEX.R.APP.P. 45.

2. However, laches may be raised as a defense to a bill of review because the bill is an equitable proceeding. *Callaway v. Elliott*, 440 S.W.2d 99, 103 (Tex.Civ.App.—Tyler 1969, writ dism'd).

not required to present evidence to the trial court and prove her entitlement to the bill. As a result, we must reverse the judgment of the trial court.

■ Jane claims that a divorce judgment rendered without the record or a waiver of a record is a void judgment under section 11.14(d). As a result, she claims that no hearing was necessary. It is obvious that the trial judge was of the same impression.

Jane cites us no authority on point. However, to adopt Jane's theory would be to judicially void countless thousands of divorce decrees rendered since the effective date of section 11.14(d) and its predecessors. Allowing parties to attack divorce judgments any time within the four-year limitations period of a bill of review, without insisting on compliance with bill of review procedure, would wreak havoc in this state. Many parties who have been divorced and who in good faith remarried, would find their remarriages in jeopardy. As a result, we reject Jane's claim that the divorce was void.

Alan would have us reverse and render rather than reverse and remand because he contends that Jane's pleadings do not contain all of the three essential elements for bill of review.

Specifically, Alan claims that Jane did not plead that he did anything preventing her from asserting her position in the trial court. It is clear that Jane admits in her pleadings that she was served with process and did not file an answer. However, she claims that her failure to file an answer was caused by bad information received by her Pennsylvania lawyer from the Tarrant County District Clerk's Office.[3] We do not pass on the character and type of proof necessary for Jane to be successful in proving justifiable reliance upon erroneous information from an officer of the court. Jane further claims that she was prevented from filing a motion for new trial because

Alan's lawyer mailed the judgment after the 30 day time for filing the motion.

We reject Alan's contention that Jane's pleadings do not contain the element of extrinsic fraud on two grounds. First, to the extent that Jane can prove she relied upon erroneous information of an officer of the court that prevented her from filing an answer or motion for new trial, she is excused from proving any wrongful conduct, fraud or accident on Alan's part. *Baker v. Goldsmith,* 582 S.W.2d at 407; *Hanks v. Rosser,* 378 S.W.2d 31, 34 (Tex.1964); *Edgin v. Blasi,* 706 S.W.2d 353, 355 (Tex.App. —Fort Worth 1986, no writ). Second, to the extent that Jane can prove that the clerk of the court failed to send notice of the default judgment because Alan had not certified her last known address, she is excused from proving any wrongful conduct, fraud or accident on Alan's part. *Baker v. Goldsmith,* 582 S.W.2d at 407; *Hanks v. Rosser,* 378 S.W.2d at 35; *Peralta v. Heights Medical Center, Inc.* 715 S.W.2d 721, 722 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ However, Alan also contends that the face of Jane's petition for bill of review demonstrates that she had an adequate remedy at law through ordinary appeal and petition for writ of error; and therefore, she is precluded from using the equitable remedy of bill of review. We agree.

Our Supreme Court has held that a party who permits a judgment to become final by failure to invoke the right of appeal when it is available is precluded from proceeding on petition for bill of review unless an adequate explanation is advanced. *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967). The same rule has been applied when a party seeking a petition for bill of review has not sought the legal remedy of petition to the Court of Appeals by writ of error. *National Bank of Texas v. First Nat. Bank,* 682 S.W.2d 366, 369 (Tex.App.—Ty-

---

3. The pleading states, "Plaintiff's attorney apparently contacted the Court Clerks in Tarrant County, Texas concerning an answer date but was given erroneous information regarding the deadline for filing a written answer."

ler 1984, no writ). As a result, we hold that the facts alleged in Jane's petition precluded her from proceeding on a petition for bill of review because she failed to state facts which would excuse her failure to proceed by appeal or writ of error.

Therefore, we withdraw our original opinion, reverse the trial court's judgment granting the bill of review and render judgment for Alan Steward on the bill of review.