**In the Interest of BABY GIRL S., a child.**

No. 05–10–01578–CV.

Court of Appeals of Texas, Dallas.

July 1, 2011.

Jim Dunnam, Dunnam & Dunnam, L.L.P., Waco, for Appellant.

Georganna L. Simpson, Jeremy C. Martin, Simpson Martin, LLP, David C. Cole, Law Office of David C. Cole, P.C., Dallas, Larry L. Martin, Geary Porter & Donovan, P.C., Addison, Tomekia Lakiesha Lee–Chaney, The Carlson Law Firm, P.C., Waco, for Appellee.

Before Justices O'NEILL, FILLMORE, and MYERS.

**OPINION**

Opinion By Justice O'NEILL.

Before the Court is the June 15, 2011 motion of appellee to dismiss the appeal for want of jurisdiction. Appellee contends this Court lacks jurisdiction because, as a non-party to the lawsuit, appellant's notice of appeal does not invoke this Court's jurisdiction and also, the notice of appeal was untimely.

A notice of appeal is due thirty days from the date of judgment or, if a timely post-judgment motion is filed, within ninety days of the date of judgment. *See* TEX.R.APP. P. 26.1(a). A non-party may not file a motion for new trial unless the non-party successfully intervenes. *Malone v. Hampton,* 182 S.W.3d 465, 468 (Tex.App.-Dallas 2006, no pet.). To suc-

cessfully intervene post-judgment, the plea in intervention must be filed and the judgment must be set aside within thirty days of the date of judgment. *Id. First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex. 1984) (orig. proceeding) (per curiam) (plea in intervention cannot be considered unless judgment is set aside).

The trial court entered its final decree of adoption on September 10, 2010. On October 8, 2010, appellant filed a petition in intervention and motion for new trial. By order dated December 9, 2010, the trial court denied appellant's petition in intervention and motion for new trial. The following day, appellant filed a notice of appeal of the trial court's December 9th order.

Appellant filed his petition in intervention after the trial court entered its judgment. The petition was filed within thirty days of the trial court's judgment. However, because the trial court did not vacate its judgment within thirty days, appellant's intervention could not be successful. *See White,* 682 S.W.2d at 252. The December 9, 2010 order is void because the trial court's plenary jurisdiction expired on October 10, 2010. Moreover, assuming appellant could appeal from the adoption decree entered on September 10, 2010, appellant's notice of appeal is untimely.

Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a).