Opinion issued April 16, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00184-CV

_____

**RHONDA B. BENNETSEN, Appellant**

**V.**

**THE MOSTYN LAW FIRM, Appellee**

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 12-CV-2967

## MEMORANDUM OPINION

Appellant, Rhonda B. Bennetsen, challenges the trial court's order denying

her motions to sever and transfer venue and to strike the First Amended Petition in

Intervention of appellee, the Mostyn Law Firm ("Mostyn"). In three issues, Bennetsen contends that the trial court erred in denying her motions.

We vacate the trial court's order and dismiss the appeal.

## Background

Leo A. Ritzler and Jeanette Ritzler (collectively, the "Ritzlers") sued Texas Windstorm Insurance Association, GAB Robins North America, Inc., Cunningham Lindsey U.S., Inc., Kenny Holt, and Reggie Warren (collectively, "Texas Windstorm") for damages to their home arising out of Hurricane Ike, which struck Galveston County, Texas, in September 2008. The Ritzlers settled their case in May 2013, and the trial court entered an "Agreed Final Take Nothing Judgment" on July 18, 2013.

Mostyn filed its initial petition in intervention on September 19, 2013 and its First Amended Petition in Intervention on September 20, 2013, alleging that the Ritzlers had hired Mostyn to represent them in their suit against Texas Windstorm. Bennetsen, Mostyn's employee during the time that it represented the Ritzlers, handled client intakes. Mostyn further alleged that Bennetsen claimed, pursuant to a contract between herself and Mostyn, that she was entitled to ten percent of any attorney's fees received by Mostyn in any case related to Texas Windstorm that she originally referred to Mostyn. According to Mostyn, Bennetsen claimed ten percent of its attorney's fees in the Ritzlers' case, even though the Ritzlers were

2

referred to Mostyn by a family member and not by Bennetsen. Mostyn asserted claims for breach of contract, promissory estoppel, unjust enrichment, fraud, theft, and conversion, and it sought a temporary restraining order and temporary injunction against Bennetsen.

In response to Mostyn's petition, Bennetsen filed a "Motion to Sever and to Transfer Venue," asserting that "[v]enue for [Mostyn's] claims and causes of actions alleged against Bennetsen . . . [was] improper in Galveston County . . . [and] Harris County is a county of proper venue." She also moved to strike Mostyn's First Amended Petition in Intervention. The trial court denied Bennetsen's motions on February 11, 2014.

### Jurisdiction

Although Bennetsen does not specifically challenge the trial court's authority to deny her motions to sever and transfer venue and to strike Mostyn's First Amended Petition in Intervention, we must still consider this jurisdictional issue. *See Freedom Comms., Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."); *Garcia v. Kubosh*, 377 S.W.3d 89, 104 n.30 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (appellate court's jurisdiction depends on

trial court's jurisdiction).  We must determine our jurisdiction to hear an appeal, and we are not limited by the parties' failure to brief the issue.  *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (lack of jurisdiction may be recognized by appellate court *sua sponte*); *Walker Sand, Inc. v. Baytown Asphalt Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Appellate courts must determine, even *sua sponte*, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue.").

Generally, a trial court retains jurisdiction over a case for thirty days after entry of judgment.  TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000).  This period may be extended, however, by the timely filing of a motion for new trial or motion to correct, modify, or reform the judgment.  *Lane Bank*, 10 S.W.3d at 310.  If such a motion is filed by a party to the suit within the initial thirty-day period, the court's plenary power is extended up to an additional seventy-five days.  *Id.*  Any "[j]udicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void."  *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) (citing *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995)); *see also In re Sw. Bell Tel. Co.*, 35

4

S.W.3d 602, 605 (Tex. 2000); *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 393 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

In her brief, Bennetsen states: "It bears mention[ing] that [the Ritzlers' case] settled in May 2013. . . . [A]n agreed final take nothing judgment disposing of all parties and all claims [was] entered on July 18, 2013. Thus, it appears that Mostyn's petition in intervention filed on September 19, 2013 occurred after the expiration of the trial court's plenary power in the case."

A non-party successfully intervenes in a case if it files a plea in intervention *before* the entry of judgment and the court does not strike the plea on the motion of a party. *Malone*, 182 S.W.3d at 468; *In re Barrett*, 149 S.W.3d 275, 279 (Tex. App.—Tyler 2004, no pet.); *see also* TEX. R. CIV. P. 60; *Maldonado v. Rosario*, No. 01-12-01071-CV, 2013 WL 1316385, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, no pet.) (mem. op.). Generally, one cannot intervene after final judgment has been entered. *Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008). However, a non-party may successfully intervene post-judgment if both the plea is filed and the judgment is set aside within thirty days of the date of the judgment. *In re Baby Girl S.*, 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *Malone*, 182 S.W.3d at 468; *see also First Alief Bank v. White*, 682 S.W.3d 251, 252 (Tex. 1984) (holding trial court could only vacate, set aside, modify, or amend judgment for thirty days after signed and observing "a plea in

5

intervention comes too late if filed after judgment and may not be considered unless and until the judgment has been set aside"); *Beach v. Beach*, 912 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("Once final judgment is rendered in a case, an intervention cannot be filed therein unless the judgment is set aside."). In other words, a trial court lacks jurisdiction to consider the plea in intervention unless it is filed and the judgment is set aside within thirty days of rendition. *Ivarra v. Am. GI Forum of United States, Inc.*, No. 03-12-00580-CV, 2013 WL 1955853, at *1 (Tex. App.—Austin May 10, 2013, no pet.) (mem. op.); *In re Baby Girl S.*, 343 S.W.3d at 317; *see also Comal Cnty. Rural H.S. Dist. No. 705 v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958) (plea in intervention after dismissal order became final could not be considered because dismissal order not set aside while trial court had plenary jurisdiction).

Here, the trial court signed the final judgment in the Ritzlers' case on July 18, 2013. Neither the Ritzlers nor Texas Windstorm filed a motion for new trial or a motion to correct, modify, or reform the judgment, or any other post-judgment motion that would have extended the trial court's plenary power. Thus, the trial court's plenary power expired on August 19, 2013. *See* TEX. R. CIV. P. 4, 306a, 329b(d).

Mostyn filed its initial petition in intervention on September 19, 2013, sixty-three days after the trial court had rendered final judgment and thirty-one days after

6

the trial court's plenary power had expired. There is no evidence in the record to indicate that the trial court's July 18, 2013 judgment was set aside. Because Mostyn's initial petition in intervention was not filed until after the trial court's plenary power had expired, Mostyn's intervention was untimely. Accordingly, we hold that all orders signed by the trial court after August 19, 2013 in connection with the intervention, including the trial court's February 11, 2014 order denying Bennetsen's motions to sever and transfer venue and to strike Mostyn's First Amended Petition in Intervention, are void. *See Malone*, 182 S.W.3d at 470; *see also Martin*, 176 S.W.3d at 394 ("An appellate court should declare post-plenary-power orders void and dismiss any appeal.").

Further, although not discussed by the parties, we note that a second purported "final judgment" is also contained in the record. This judgment, entitled "Agreed Final Take Nothing Judgment as to Texas Windstorm Insurance Association, GAB Robins North America, Inc., Cunningham Lindsey U.S., Inc., Kenny Holt, and Reggie Warren Only" was signed by the trial court on November 14, 2013—one hundred and nineteen days after the trial court's July 18, 2013 "Agreed Final Take Nothing Judgment."

A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The July 18, 2013 judgment disposed of all of the Ritzlers' claims against "all Defendants,"

7

namely "Texas Windstorm Insurance Association, GAB Robins North America, Inc., Cunningham Lindsey U.S., Inc. Kenny Holt, and Reggie Warren." Thus, after July 18, 2013, no other parties or claims remained, and the trial court's July 18, 2013 judgment was final.

Unless specifically provided by law, there can be only one final judgment in a case. TEX. R. CIV. P. 301; *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 143 (Tex. App.—Dallas 2011, no pet.); *Dickerson v. Mack Fin. Corp.*, 452 S.W.2d 552, 555 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ). Generally, after a final judgment has been entered in a case, the entry of a second final judgment in the same case does not vacate the first; and if there is nothing to show that the first judgment was vacated, then the second judgment is a nullity. *Mullins v. Thomas*, 136 Tex. 215, 150 S.W.2d 83, 84 (1941); *Beach*, 912 S.W.2d at 347–48; *Hammett v. Lee*, 730 S.W.2d 350, 351 (Tex. App.—Dallas 1987, writ dism'd w.o.j.). However, a second judgment may not be considered a nullity if it was entered while the trial court still had plenary power. *See SLT Dealer Grp., Ltd. v. AmeriCredit Fin. Servs., Inc.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("'Any change in a judgment made during the trial court's plenary power is treated as a modified or reformed judgment that implicitly vacates and supersedes the prior judgment, unless the record indicates a contrary intent.'" (quoting *Price Constr., Inc. v. Castillo*, 147 S.W.3d 431, 441 (Tex. App.—San

8

Antonio 2004, pet. denied))); *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 39 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (inferring trial court's intent to vacate prior judgment from modified judgment entered during trial court's plenary power); *see also* TEX. R. CIV. P. 329b(f) (trial court has power to correct, modify, vacate or reform judgment so long as it retains plenary jurisdiction over case); *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding void second final judgment signed after expiration of plenary power).

Here, nothing in the record indicates an intention by the trial court to vacate its July 18, 2013 final judgment, and the November 14, 2013 "final judgment" was rendered after the trial court had lost its plenary power. Therefore, the November 14, 2013 judgment is a nullity and does not affect our jurisdictional analysis.

**Conclusion**

Because Mostyn filed its initial petition in intervention after the trial court's plenary power had expired, the intervention was untimely and all of the trial court's orders signed after August 19, 2013 in connection with the intervention are void. Accordingly, we vacate the trial court's November 14, 2013 judgment and February 11, 2014 "Order Denying Intervention-Defendant Rhonda Bennetsen's Motions to Sever and Transfer Venue and Strike Intervenor's First Amended Petition in Intervention," and we dismiss the appeal.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Lloyd.