

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00160-CV

_____

IN THE INTEREST OF S.W., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-677800-20

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Mother and Father, a man Mother alleges and who claims to be the biological father of the child S.W., appeal the denial of their bills of review.[1] In the bills, they challenged a judgment terminating the parental rights of Mother and any biological father. Appellee Little Flower Adoptions contends that the bills of review are inviable because Mother and Father neglected to pursue all available legal remedies.

We agree that Mother neglected to pursue an available remedy: a motion for new trial under Rule 306a. This precludes us from granting her bill of review. However, the same cannot be said of Father. He was never made a party to the termination suit, and he had no right to file a motion for new trial. It therefore cannot be said that he was negligent in failing to file such a motion.

Ergo, we affirm as to Mother, but we reverse and remand as to Father.

## I.   BACKGROUND

### A.   The Prior Termination Suit and SAPCR

After S.W. was born, Mother executed an affidavit to voluntarily relinquish her parental rights. In it, she waived service of process. Little Flower petitioned to terminate Mother's parental rights based on the affidavit. The petition alleged that

---

[1] We refer to the parties by aliases in order to protect the minor's identity. *See* Tex. R. App. P. 9.8(b)(2); Tex. Fam. Code Ann. § 109.002(d); *In re J.P.*, 598 S.W.3d 789, 791 n.1 (Tex. App.—Fort Worth 2020, pets. denied).

S.W.'s unidentified biological father had not registered and would not register with the state's paternity registry and that he should have his parental rights terminated as well.

On November 8, 2019, the trial court rendered a judgment terminating the parental rights of Mother and any biological father. The judgment named Little Flower as managing conservator.

In December 2019, Mother and Father filed a suit affecting the parent–child relationship (SAPCR) in which they asked the trial court to name them as S.W.'s managing conservators. On January 21, 2020, Little Flower filed an answer in which it pleaded the affirmative defense of res judicata. Little Flower made note of the termination judgment and reasoned that it should have a preclusive effect on Mother and Father's SAPCR.

In June 2020, Mother and Father filed a restricted appeal of the termination judgment. We affirmed the judgment as to Mother and dismissed Father's appeal for want of jurisdiction. *In re S.W.*, 614 S.W.3d 311, 312 (Tex. App.—Fort Worth 2020, no pet.).

## B.  This Proceeding

Meanwhile, in February 2020, Mother filed this bill-of-review proceeding to challenge the termination judgment. She alleged that she executed the relinquishment affidavit as a result of fraud, duress, and coercion, and she asked the trial court to set the judgment aside.

3

Little Flower moved for summary judgment. It argued that, in the termination proceeding, Mother had the option to challenge the termination judgment with a motion for new trial under Rule 306a but that she neglected to do so. Little Flower reasoned that Mother had not satisfied the requirement that a petitioner must diligently pursue all available legal remedies before there may be relief through a bill of review.

Mother and Father filed an amended bill of review, which marked Father's first participation in this suit. Little Flower then filed a motion for summary judgment as to Father, citing the same grounds concerning failure to pursue all available remedies.

In June 2020, the trial court granted a partial summary judgment that denied Mother's bill of review. Another partial summary judgment ensued in July, rejecting Father's bill of review and finally disposing of the case. Mother and Father appeal.

## II.   DISCUSSION

On appeal, Mother and Father raise three arguments: the first, a due-process challenge concerning alleged lack of service; the second, a contention that their bills of review should have survived summary judgment; and the third, a claim for ineffective assistance of counsel. However, because Mother and Father have substantially different factual footing with respect to these arguments, we discuss them separately.

We begin with Mother's due-process challenge. Mother asserts that the termination judgment is void because she did not receive service of process. However, Mother waived service of process, *see id.* at 313, and that waiver obviates any constitutional need for service. *See Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 61 (Tex.

4

2008); *J.O. v. Tex. Dep't of Fam. & Protective Servs.*, 604 S.W.3d 182, 189 (Tex. App.—Austin 2020, no pet.). Due process requires that parties "be served, *waive service*, or voluntarily appear before judgment was rendered." *In re J.P.L.*, 359 S.W.3d 695, 707 (Tex. App.—San Antonio 2011, pet. denied) (emphasis added); *see also Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (citing Tex. R. Civ. P. 124). Mother's due-process rights were not violated.

Next, Mother contends that she sufficiently proved the elements of her bill of review, such that her bill should have survived summary judgment. Little Flower responds that because, as a matter of law, Mother failed to diligently take advantage of all available legal remedies, the trial court properly granted summary judgment. We agree with Little Flower.

When, as here, a bill of review is disposed of through summary judgment, we review the case de novo under the summary-judgment standard. *Mandel v. Lewisville Indep. Sch. Dist.*, 499 S.W.3d 65, 70 (Tex. App.—Fort Worth 2016, pet. denied); *see In re Child*, 492 S.W.3d 763, 766 (Tex. App.—Fort Worth 2016, pet. denied). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least

one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

If the movant does not satisfy its initial burden, the burden does not shift to the nonmovant, and the nonmovant need not respond or present any evidence. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). This is because summary judgments must stand or fall on their own merits, and the nonmovant's failure to answer or respond cannot supply by default the summary-judgment proof necessary to establish the movant's right to judgment. *Id.* at 511–12. "Thus, a [nonmovant] who fails to raise any issues in response to a summary judgment motion may still challenge, on appeal, the legal sufficiency of the grounds presented by the movant." *Id.* at 512 (cleaned up).

A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify, or vacate a judgment and must be brought within a definite time period after the judgment's rendition. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). As compared with other sorts of direct attacks, "[a] bill of review is a different sort of creature." *Steward v. Steward*, 734 S.W.2d 432, 434 (Tex. App.—Fort Worth 1987, no writ) (op. on reh'g). "A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). "Courts narrowly construe the

6

grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Id.* Ordinarily, a bill-of-review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on her own part. *Id.*

Relief on a bill of review is generally available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). "If legal remedies were available but ignored, relief by equitable bill of review is unavailable." *Id.* This is "because a party who fails to pursue available legal remedies is at least partially at fault for her inability to raise a meritorious defense under the third required bill-of-review element." *Child*, 492 S.W.3d at 766. "If a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence." *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004), *abrogated in part on other grounds by Ex parte E.H.*, 602 S.W.3d 486 (Tex. 2020). This rule applies even if the failure to pursue all legal remedies results from the negligence or mistake of a party's attorney. *Moseley v. Omega OB-GYN Assocs. of S. Arlington*, No. 2-06-291-CV, 2008 WL 2510638, at *2 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (per curiam) (mem. op.); *Garcia v. Tenorio*, 69 S.W.3d 309, 312 (Tex. App.—Fort Worth 2002, pet. denied).

The question is whether any legal remedies were available to Mother but ignored. We conclude that at least one remedy fits that description: a motion for new trial under Rule 306a.

A trial court retains jurisdiction over a case for a minimum of thirty days after signing a final judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 316 (Tex. App.—Fort Worth 2015, no pet.). The period of plenary power may be extended by timely filing an appropriate postjudgment motion, such as a motion for new trial. *Id.* "The Family Code . . . does not purport to eliminate post-trial motions or otherwise constrict the trial court's plenary power." *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005).

Generally, a motion for new trial must be filed within thirty days after the judgment is signed. Tex. R. Civ. P. 329b(a). However, in some cases, Rule 306a extends the period when a motion for new trial may be timely filed. *See* Tex. R. Civ. P. 306a(4). If a party does not receive notice of the judgment within twenty days of the day it is signed, all time limits for a motion for new trial run from the date of receipt of actual notice. *See id.*; *Steward*, 734 S.W.2d at 434. There is an upper limit to this extension; Rule 306a provides that in no event shall the period for a motion for new trial "begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4). The party seeking to invoke this extension must prove, on sworn motion and notice, (1) the date the party received notice of the judgment and (2) that this date was more than twenty but less than ninety-one days after the judgment

was signed. Tex. R. Civ. P. 306a(5); *Nathan A. Watson Co. v. Emps. Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.).

In prior cases, we have held against bill-of-review petitioners when they received notice of a judgment more than twenty but less than ninety-one days after it was signed, and yet they did not take advantage of the motion for new trial that was available under Rule 306a. *See Moseley*, 2008 WL 2510638, at *2 ("Dr. Moseley did not attempt to utilize rule 306a to extend the time for filing a motion to reinstate or motion for new trial once she received actual notice of the dismissal. She, therefore, failed to exercise due diligence in pursuing available legal remedies[,] and bill of review relief was unavailable." (footnotes omitted)); *Steward*, 734 S.W.2d at 434 (siding against the bill-of-review petitioner because she "admitted receiving notice of the judgment 34 days after it was signed" and, as a result, "could have filed a motion for new trial," but did not do so).

On this record, the same result obtains. Mother was eligible to file a motion for new trial under Rule 306a, and yet she did not timely file one. The termination judgment was rendered on November 8, 2019. At the latest, Mother was made aware of the judgment seventy-four days later when, on January 21, 2020, Little Flower filed an answer that specifically referred to the termination judgment. A party "is charged with knowledge of" her opponent's pleadings. *John H. Maxwell & Co. v. Maxwell*, 225 S.W.2d 988, 991 (Tex. App.—Fort Worth 1949, no writ); *see Hopkins v. Cravey*, 19 S.W. 1067, 1067–68 (Tex. 1892) (concluding that a party was made aware of an issue by its mention in an opponent's pleadings); *Rodriguez v. Gutierrez-Perez*, No. 13-20-00146-CV, 2021 WL

2694776, at *4 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet.) (mem. op.) (same); *San Jacinto River Auth. v. Burney*, 570 S.W.3d 820, 835 (Tex. App.—Houston [1st Dist.] 2018) (same), *aff'd sub nom. San Jacinto River Auth. v. Medina*, 627 S.W.3d 618 (Tex. 2021). Thus, a party has actual notice of an unfavorable judgment upon receiving service of pleadings in which her opponent mentions the judgment. *See Cavers v. Sioux Oil & Refin. Co.*, 39 S.W.2d 862, 864 (Tex. Comm'n App. 1931) (concluding that parties "knew from the pleadings then on file" of the existence of an unfavorable judgment); *Bedell v. State*, No. 03-11-00502-CV, 2013 WL 2631738, at *4 (Tex. App.—Austin June 5, 2013, pet. denied) (mem. op. on reh'g) (concluding that a party received actual notice of an unfavorable judgment "by receiving service of the petition" in which it was mentioned). After Mother received actual notice of the judgment, she did not take advantage of the motion for new trial authorized by Rule 306a within the timeframe specified.[2]

We therefore conclude that Little Flower carried its summary-judgment burden by conclusively showing Mother's negligence, which negates the third element of Mother's bill of review. *See Frost Nat'l Bank*, 315 S.W.3d at 508. Because Mother failed to exercise due diligence in pursuing all legal remedies, she is, as a matter of law, not

---

[2]Mother and Father did attempt to file a motion for new trial in June 2020. But that motion, filed long after the trial court lost plenary power, was ineffective, and it does not show diligence for purposes of a bill of review. *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) (holding that an untimely motion for new trial "is a nullity," by and large).

entitled to relief on her bill.[3] *See Wembley*, 11 S.W.3d at 927. We overrule Mother's sole issue.

The same reasoning cannot, however, be applied to Father since a motion for new trial was not available to him. Unlike Mother, Father did not execute an affidavit to voluntarily relinquish his rights to S.W., and he did not receive service, waive service,

---

[3]As for Mother's claim concerning ineffective assistance, again, the failure to pursue all legal remedies is not excused by the negligence or mistake of a party's attorney. *Moseley*, 2008 WL 2510638, at *2; *Garcia*, 69 S.W.3d at 312. Pursuant to this principle, we cannot agree with Mother's contention that ineffective assistance of counsel should excuse her from satisfying the requisites of a bill of review. *See Phillips v. Dall. Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 866–67 (Tex. App.—Dallas 2006, pet. denied) (concluding that an ineffective-assistance claim did not exempt the claimant from the rules that apply to bills of review). Indeed, to the extent that Mother claims that trial counsel made mistakes on her behalf, this undercuts her case on the third bill-of-review element concerning the absence of negligence: "showing that the failure to perform some act was due to accident or mistake often requires a party to show they were negligent." *Knie v. Piskun*, 23 S.W.3d 455, 464 (Tex. App.—Amarillo 2000, pet. denied).

But even assuming that Mother's ineffective-assistance claim somehow overrides the bounds of the procedural vehicle in which she chose to bring it, Mother has not shown that the failure to file a motion for new trial constituted deficient performance. "We give great deference to counsel's choices and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *In re D.T.*, 625 S.W.3d 62, 74 (Tex. 2021) (cleaned up). "In cases where a party challenges counsel's failure to move for a new trial, there is a rebuttable presumption that the motion was considered by that party and rejected." *Id.* "An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *In re K.L.*, 91 S.W.3d 1, 14 (Tex. App.—Fort Worth 2002, no pet.). Mother did not address counsel's alleged mistakes in her response to the motion for summary judgment or her attached evidence, and nothing in the record shows counsel's reasons for not filing a motion for new trial. Mother has therefore failed to overcome the presumption in favor of counsel's competent performance.

11

or otherwise make a general appearance in the termination suit. As such, Father was never made a party to the termination suit. *See In re Douglas*, 333 S.W.3d 273, 277 n.1 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding). A nonparty may not file a motion for new trial unless the nonparty successfully intervenes. *In re Baby Girl S.*, 343 S.W.3d 317, 317 (Tex. App.—Dallas 2011, no pet.); *accord XL Ins. Am., Inc. v. Covington*, No. 06-20-00048-CV, 2020 WL 5823294, at *1 (Tex. App.—Texarkana Oct. 1, 2020, no pet.) (mem. op.); *In re Parker Fam. Tr.*, No. 13-13-00592-CV, 2014 WL 4055992, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 14, 2014, no pet.) (per curiam) (mem. op.). To successfully intervene post-judgment, the plea in intervention must be filed and the judgment must be set aside within thirty days of the date of judgment. *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.) (citing, *inter alia*, *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984) (orig. proceeding)); *see Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021). Father had no opportunity to pursue intervention and to have the judgment set aside within the trial court's plenary power. As such, he was a nonparty with no right to file a motion for new trial. "A 'motion for new trial' filed by a nonparty is simply an unofficial plea to the trial court to exercise its discretion allowed under Rule 320 to set aside the judgment during the trial court's plenary power." *In re State & $15,975.85 in U.S. Currency*, 221 S.W.3d 713, 715 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (cleaned up) (quoting *State & Cnty. Mut. Fire Ins. Co. v. Kelly*, 915 S.W.2d 224, 227 (Tex. App.—Austin 1996, no

writ)).  Father's failure to timely pursue such an impotent "motion" thus cannot be counted against him as neglect of his legal remedies.

However, Father's status as a nonparty does not necessarily impair his right to pursue an equitable bill of review.  Ordinarily, a bill of review "is available only to a party to the initial action, but it has also been held to be available to one who has a then-existing interest or right that was prejudiced by the judgment." *$27,920.00 in U.S. Currency v. State*, 37 S.W.3d 533, 536 (Tex. App.—Texarkana 2001, pet. denied) (collecting cases).  In *Gunn v. Cavanaugh*, the Texas Supreme Court declared that a nonparty father's rights were prejudiced by a termination judgment, and he could thus pursue an equitable bill of review to set the judgment aside.  *See* 391 S.W.2d 723, 724–25 (Tex. 1965); *In re K.M.S.*, 68 S.W.3d 61, 66 (Tex. App.—Dallas 2001), *pet. denied*, 91 S.W.3d 331 (Tex. 2002).  "[W]hen a court order purports to declare that the parental rights to a child have terminated and the parent is not cited, such parent is entitled thereafter to a plenary hearing to determine whether or not such parental rights have in fact been lost . . . ."  *Gunn*, 391 S.W.2d at 724.

Father validly pursued such a hearing through his bill of review.  Little Flower's only ground for a summary judgment to dispose of Father's bill was that he failed to take advantage of a motion for new trial, but we have held that that procedure was inaccessible to him.  Because Little Flower's only summary-judgment ground is fatally flawed, the summary judgment must be reversed as to Father, for a summary judgment

13

cannot be affirmed on grounds not expressly set out in the motion or response.[4] *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 707 (Tex. 2021). To that extent, Father's sole issue is sustained.

Father's remaining argument concerns how his due-process rights were violated by Little Flower's failure to serve him with process prior to the termination judgment. However, the procedural posture of this case—and the scant briefing of this argument—counsel against rendering a decision on that contention. This case is before us on appeal from Little Flower's motion for summary judgment, which solely concerned the intricacies of bill-of-review procedure, not the issue of due process. Father did not file a response to Little Flower's motion or a motion of his own in which he might have developed the subject before the trial court. As such, the trial court was not given the opportunity to pass on this question. And in its brief on appeal, Little Flower has not addressed the issue of due process. "As long as there is a probability that a case for any reason has not been fully developed, an appellate court has the discretion to remand rather than render a decision." *Phila. Am. Life Ins. Co. v. Turner*, 131 S.W.3d 576, 598 (Tex. App.—Fort Worth 2004, no pet.). With Father already entitled to reversal of the summary judgment, we conclude that his due-process

---

[4]Briefly, Father's claim for ineffective assistance of counsel derives from trial counsel's failure to timely file a motion for new trial on his behalf. Because Father could not file such a motion, trial counsel was not ineffective on that basis.

challenge would benefit from further factual and legal development in the trial court. *See, e.g.*, 76 A.L.R. 242 (cataloging Texas authority on the subject).

### III.   CONCLUSION

We affirm the trial court's summary judgment as to Mother.  We reverse the trial court's summary judgment as to Father and remand for further proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  October 14, 2021